

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert K. Herron
County Auditor
Archer County
Archer City, Texas


Dear Sir:

Opinion Number O-2999
Re: Eligibility of certain bonds
of Archer County to partici-
pate in the funds accruing to
the Board of County and Dis-
trict Road Indebtedness under
House Bill 688, Forty-sixth
Legislature, Regular Session,
1939.

We are in receipt of your letter of December 21, 1940, which reads, in part, as follows:

"In 1927 Archer County voted $1,500,000 of county-wide road bonds. All bonds were sold and the funds were placed in the Peoples Exchange Bank. $750,000 were spent on the road. The remaining $750,000, along with other funds, were lost when the bank closed in 1931.

"In voting the bonds a road system for Archer County was set up by the Commissioners' Court. All roads under this system had been completed except one running in a northwesterly direction from Archer City. There remains of Highway #25 about 12 miles unfinished.

"After the Peoples Exchange Bank closed, Archer County by an Act of the Legislature bought the assets. In liquidating these assets, each dollar recovered was prorated to the several funds which were on deposit according to the loss sustained. There is now

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert K. Herron, page #2

on deposit in the County Depository $100,000
which was prorated to the Bond Account. * * **

"The Commissioners' Court of Archer County
is willing for the Highway Commission to use
this $100,000, provided the Board of County and
District Road Indebtedness assume a like amount
of Archer County 1927 road bonds."

Your question is:

"Would this Board under House Bill 688, 46th
Legislature, have authority to assume this $100,000
after the Highway Commission has used it to complete
State designated Highway #25?"

This department has heretofore held in our Opinion
Number O-1334, addressed to the Honorable Murphy Cole, County
Auditor of Liberty County, that the provisions of Section 6,
Subsection (a) of House Bill 688, although in conflict with
Section 3 thereof, must be construed as an exception to the
inhibition contained in said Section 3 and should be permitted
to stand. This portion of House Bill 688 reads, in part, as
follows:

"In addition to and regardless of the other
provisions of this Act, all bonds voted by a
county prior to January 2, 1939, insofar as
amounts were or may be issued and the proceeds
actually expended in the construction of roads,
which are a part of the designated system of
State Highways, shall be eligible to participate
in the distribution of the moneys coming into
said County and Road District Highway Fund, the
same as provided for other bonds under this Act
and as of the date of the designation of said
roads as a part of the State system * * * *

Clearly, from the facts stated in your letter, the
$100,000 in question constitute unexpended proceeds of road
bonds voted in the year 1927, all of which, in our opinion,
brings the fact situation within the terms of the exception
above quoted.

Honorable Bert K. Herron, page #3

You are, therefore, advised that, in our opinion, pursuant to the terms of House Bill 688, the Board of County and District Road Indebtedness is authorized to make eligible for participation in the funds accruing to that Board $100,000 of bonds of the 1927 issue of Archer County county-wide road bonds after the proceeds thereof have been used by the Highway Commission in accordance with the provisions of Subsection (a), Section 6, of said bill.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s

APPROVED JAN 18, 1941

ATTORNEY GENERAL OF TEXAS